IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>BUILDING MATERIALS HOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12074 (KJC)<br><br>Jointly Administered<br><br>Ref. Docket No. 17 |

**ORDER PURSUANT TO SECTIONS 105(a), 363, AND 554 OF
THE BANKRUPTCY CODE APPROVING (A) PROCEDURES FOR THE
SALE OF CERTAIN *DE MINIMIS* ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, AND ENCUMBRANCES WITHOUT FURTHER COURT
APPROVAL, (B) PAYMENT OF MARKET RATE BROKERS' AND
AUCTIONEERS' COMMISSIONS IN CONNECTION WITH THE SALES, AND
(C) ABANDONMENT OR DONATION OF CERTAIN PROPERTY**

Upon consideration of the motion (the "*Motion*") of Building Materials Holding Corporation and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"), pursuant to sections 105(a), 363, and 554 of the Bankruptcy Code for an order authorizing the Debtors to (a) sell certain property free and clear of all liens, claims, and encumbrances without further order of the Court and establishing the procedures therefor, (b) pay market rate brokers' or auctioneers' commissions in connection with the sales of real and personal property, and (c) abandon or donate certain personal property, all as set forth in the Motion; and

---

[1] The Debtors, along with the last four digits of each Debtor's tax identification number, are as follows: Building Materials Holding Corporation (4269), BMC West Corporation (0454), SelectBuild Construction, Inc. (1340), SelectBuild Northern California, Inc. (7579), Illinois Framing, Inc. (4451), C Construction, Inc. (8206), TWF Construction, Inc. (3334), H.N.R. Framing Systems, Inc. (4329), SelectBuild Southern California, Inc. (9378), SelectBuild Nevada, Inc. (8912), SelectBuild Arizona, LLC (0036), and SelectBuild Illinois, LLC (0792). The mailing address for the Debtors is 720 Park Boulevard, Suite 200, Boise, Idaho 83712.

upon the Street Declaration[2] in support thereof; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. sections 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances; and the Court having reviewed the Motion and having considered the statements in support of the relief requested therein at a hearing before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. The Motion is granted as set forth below on a final basis.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to sell, in accordance with the procedures set forth in the following decretal paragraph, property without further order of the Court.

3. The following procedures for the sale by the Debtors of property are hereby authorized and established in the Chapter 11 Cases:

   a. If the net sales proceeds of any one item is not more than $300,000, the Debtors are authorized to sell the property in an arms length transaction, without further notice or further order of the Court. Any sale shall be free and clear of all Liens. Net sale proceeds will be utilized by the Debtors in accordance with the terms of any postpetition financing agreement provisions governing the use of such proceeds.

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

b. If the net sales proceeds of any one item is between $300,000 and $1,000,000:

1. The Debtors will give notice via e-mail, facsimile, and/or overnight delivery service of each such proposed sale to the attorneys for Creditors' Committee, the Office of the United State Trustee for the District of Delaware (the "*U.S. Trustee*"), and the attorneys for the agent for the Debtors' postpetition lenders (the "*DIP Agent*") (collectively, the "*Notice Parties*"). The notice will specify the assets to be sold, the identity of the purchaser, and the sale price (the "*Sale Notice*").

2. The Notice Parties will have 5 business days from the date on which the Sale Notice is served to object to, or request additional time to evaluate, the proposed transaction. Any such objection or request should be in writing and delivered to counsel to the Debtors, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Michael A. Rosenthal and Matthew K. Kelsey) and Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 (Attn: Sean M. Beach and Robert F. Poppiti). If no written objection or written request for additional time is received by Debtors' counsel prior to the expiration of such 5 day period, the Debtors will be authorized to consummate the proposed sale transaction and to take such actions as are reasonable or necessary to close the transaction and obtain the sale proceeds. If any Notice Party timely provides a written request to Debtors' counsel for additional time to evaluate the proposed transaction, such Notice Party will have an additional 10 calendar days to object to the proposed transaction. The Debtors may consummate a proposed sale promptly upon obtaining approval of the Notice Parties.

3. If any Notice Party delivers an objection to the proposed transaction so that it is received by Debtors' counsel on or before the 5th business day after the Sale Notice is sent (or, if the Notice Party has timely requested additional time to evaluate the proposed transaction, prior to the expiration of the additional 10 calendar-day review period), the Debtors and the objecting Notice Party will use good faith efforts to resolve the objection. If the Debtors and the objecting Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed transaction pursuant to these Sale Procedures, but may seek Court approval of the proposed transaction upon expedited notice and an opportunity for a hearing, subject to the Court's availability.

3

    4. Nothing in the foregoing Sale Procedures will prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed transaction upon notice and a hearing.

  c. If the net sales proceeds of any one item is greater than $1,000,000, the Debtors will be required to file a motion with the Court requesting approval of the sale pursuant to section 363 of the Bankruptcy Code.

 4. Pursuant to section 363(f) of the Bankruptcy Code, all sales of property pursuant to this Order shall be free and clear of all Liens, if any, with any and all such valid and perfected Liens to attach to net proceeds of the sales with the same validity, priority, force, and effect such Liens had on the property immediately prior to the sale, and subject to the rights, claims, defenses, and objections, if any, of the Debtors and all interested parties with respect to any such asserted Liens.

 5. The Debtors are hereby authorized, but not directed, to satisfy any such valid Liens from the proceeds of sale.

 6. Purchasers of property sold by the Debtors pursuant to this Order shall be entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order.

 7. The sale transactions consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state, and local governmental agency or department is hereby directed to accept this Order as sole and sufficient evidence of the transfer

of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the transactions contemplated hereby.

8. Nothing in this Order shall be construed to prevent the Debtors, in their sole discretion, from seeking Court's approval at any time of any proposed sale transaction after notice and an opportunity for a hearing.

9. The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

10. Subject to the notice and objection procedures described below, the Debtors are hereby authorized to engage brokers ("*Brokers*") and auctioneers ("*Auctioneers*") and to pay and honor (a) market rate commissions due to Brokers and Auctioneers which are consistent with the Debtors' historical practices and which do not exceed (i) in the case of Brokers, 6% of the sales price of any property sold, or (ii) in the case of Auctioneers, 14% of the sales price of any property sold; and (b) reasonable expenses incurred by such Brokers and Auctioneers in connection with the sale of any property pursuant to this Order; *provided*, that prior to receiving any payments from the Debtors, the following procedures are followed:

> (a) Within forty-five (45) days of the date of (i) entry of this Order or (ii) the inception of the entity's employment, whichever occurs later, each Broker or Auctioneer shall file with the Court an affidavit substantially in the form attached hereto as *Exhibit A* (the "*Affidavit*"). Each Broker or Auctioneer shall serve the Affidavit on: (i) Building Materials Holding Corporation, 720 Park Boulevard, Suite 200, Boise, Idaho 83712, Attn.: Paul S. Street; (ii) Gibson, Dunn & Crutcher LLP, 200 Park Ave., New York, New York 10166, Attn.: Michael A. Rosenthal and Matthew K. Kelsey; (iii) Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, Attn: Sean M. Beach and Robert F. Poppiti; (iv) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Joseph J. McMahon, Jr.; (v) Arent Fox, LLP, 1050 Connecticut Avenue, NW, Washington, DC

20036-5339, Attn: Christopher J. Giaimo and Katie A. Lane and Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, DE 19801, Attn: Bradford J. Sandler; and (vi) Paul, Hastings, Janofsky & Walker LLP, 55 Second Street, Twenty-Fourth Floor, San Francisco, California 94105, Attn: Kevin B. Fisher (collectively, the "*Notice Parties*").

(b)  The Notice Parties shall have 10 days after the date of filing of each Broker or Auctioneer's Affidavit (the "*Objection Deadline*") to object to the retention of such Broker or Auctioneer. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective Broker or Auctioneer on or before the Objection Deadline. If any such objection cannot be resolved within 3 business days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than 3 business days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and pay such Brokers or Auctioneers until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

(c)  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular Broker or Auctioneer, then retention of the Broker or Auctioneer shall be deemed approved by the Court without hearing or further order and the Debtors shall be authorized to retain and pay such Broker or Auctioneer as of the date such Broker or Auctioneer commenced providing services to the Debtors and pay such Broker or Auctioneer as set forth above. Compensation payable/paid to Brokers and Auctioneers shall be subject to, *inter alia*, disallowance and disgorgement under applicable law after notice and a hearing.

11.  The Debtors and shall file a report of any property sold pursuant to this Order, which report shall include the information required by Federal Rule of Bankruptcy Procedure 6004(f) and any amounts paid to a Broker or Auctioneer.

12.  The following procedures for the abandonment by the Debtors of property that is burdensome or of inconsequential value are hereby authorized and established in the Chapter 11 Cases:

a.  The Debtors will give notice via e-mail, facsimile, and/or overnight delivery service of each such proposed abandonment or donation to each of the Notice Parties as well as any party known to the Debtors to have an interest in the property to be donated or abandoned (collectively, with the Notice Parties, the "*Abandonment Notice Parties*"). The notice will describe the property to be abandoned or donated, the parties known to the

        Debtors to have an interest in such property, and the entity to which the property will be donated or abandoned (the "***Abandonment Notice***").

    b.    The Abandonment Notice Parties will have 5 business days from the date on which the Abandonment Notice is served to object to, or request additional time to evaluate, the proposed transaction. Any such objection or request should be in writing and delivered to counsel to the Debtors, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0193 (Attn: Michael A. Rosenthal and Matthew K. Kelsey) and Young, Conaway, Stargatt & Taylor LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801 (Attn: Sean M. Beach and Robert F. Poppiti). If no written objection or written request for additional time is received by Debtors' counsel prior to the expiration of such 5 day period, the Debtors will be authorized to consummate the proposed abandonment or donation and to take such actions as are reasonable or necessary to close the transaction. If any Abandonment Notice Party timely provides a written request to Debtors' counsel for additional time to evaluate the proposed transaction, such Abandonment Notice Party will have an additional 10 calendar days to object to the proposed transaction. The Debtors may consummate a proposed donation or abandonment promptly upon obtaining approval of the Abandonment Notice Parties.

    c.    If any Abandonment Notice Party delivers an objection to the proposed transaction so that it is received by Debtors' counsel on or before the 5th business day after the Abandonment Notice is sent (or, if the Abandonment Notice Party has timely requested additional time to evaluate the proposed transaction, prior to the expiration of the additional 10 calendar-day review period), the Debtors and the objecting Abandonment Notice Party will use good faith efforts to resolve the objection. If the Debtors and the objecting Abandonment Notice Party are unable to achieve a consensual resolution, the Debtors shall not proceed with the proposed transaction pursuant to these Abandonment Procedures, but may seek Court approval of the proposed transaction upon expedited notice and an opportunity for a hearing, subject to the Court's availability.

    d.    Nothing in the foregoing Abandonment Procedures will prevent the Debtors, in their sole discretion, from seeking the Court's approval at any time of any proposed transaction upon notice and a hearing.

13.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court shall retain jurisdiction with respect to all matters arising under or relating to the implementation and enforcement of this Order.

Dated: Wilmington, Delaware
      July 22, 2009

_____
KEVIN J. CAREY
CHIEF UNITED STATES BANKRUPTCY JUDGE